UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOHN MARTINI,

                                                                       **ANSWER**

                               Plaintiff,

              -against-                                05 CV 9881 (KMK)(JCF)

CITY OF NEW YORK, POLICE OFFICER SERGIO
COPPOLA, Shield No. 05096, Tax Registry No.
Unknown, ASSISTANT Chief BRUCE SMOLKA, Shield
No. Unknown, Tax Registry No. Unknown, and JOHN
DOES and/or JANE ROES 2-10, Shield Nos. Unknown,
Tax Registry Nos. Unknown

                                     Defendants.

------------------------------------------------------------------------ x

       Defendants City of New York, Sergio Coppola, and Bruce Smolka, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to Plaintiff's Complaint, respectfully allege as follows:

<u>AS TO THE "INTRODUCTION"</u>

      1.    Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

      2.    Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

      3.    Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

## AS TO "JURISDICTION AND VENUE"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports that venue is proper.

## AS TO "PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that on or about August 31, 2004, Sergio Coppola was employed by the City of New York as a police officer.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that as of the date of this Answer, Sergio Coppola is employed by the City of New York as a police officer.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that on or about August 31, 2004, Bruce Smolka was employed by the City of New York, New York City Police Department.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that as of the date of this Answer, Bruce Smolka is employed by the City of New York, New York City Police Department.

- 3 -

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

## AS TO THE "ADMINISTRATIVE PREREQUISITES"

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that on December 14, 2004 a document purporting to be a notice of claim was filed in the Comptroller's Office.

15. Defendants deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was examined on March 12, 2005, pursuant to Section 50-H of the General Municipal Law.

16. Defendants deny the allegations set forth in paragraph "16" of the complaint, except admit that this action has not been settled.

## AS TO THE "FACTS UNDERLYING THE COMPLAINT"

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admit that Officer Coppla arrested plaintiff.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint, except admit that Officer Coppola was plaintiff's arresting officer.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

## AS TO THE "FIRST CLAIM FOR RELIEF"

31. In response to the allegations set forth in paragraph "31" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

## AS TO THE "SECOND CLAIM FOR RELIEF"

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint, except admit that Officer Coppola was plaintiff's arresting officer.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

### AS TO THE "THIRD CLAIM FOR RELIEF"

44. In response to the allegations set forth in paragraph "44" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint, except admit that Officer Coppola was plaintiff's arresting officer.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

### AS TO THE "FOURTH CLAIM FOR RELIEF"

52. In response to the allegations set forth in paragraph "52" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint, except admit that Officer Coppola was plaintiff's arresting officer.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

## AS TO THE "FIFTH CLAIM FOR RELIEF"

60. In response to the allegations set forth in paragraph "60" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**65.** Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

66. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE**

67.   The actions of any police officers involved were justified by probable cause.

**FIFTH AFFIRMATIVE DEFENSE**

68.   At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, Defendant City is entitled to governmental immunity from liability.

**SIXTH AFFIRMATIVE DEFENSE**

69.   Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

**SEVENTH AFFIRMATIVE DEFENSE**

70.   At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

**EIGHTH AFFIRMATIVE DEFENSE**

71.   Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

**NINTH AFFIRMATIVE DEFENSE**

72.   Plaintiff provoked the incident of which he complains.

**TENTH AFFIRMATIVE DEFENSE**

73. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

74. Plaintiff's claims are barred, in whole or in part, by their contributory or comparative negligence and by his assumption of the risk.

**TWELTH AFFIRMATIVE DEFENSE**

75. Plaintiff's claims are barred, in whole or in part, by the doctrines of absolute immunity, waiver and estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

76. Plaintiff consented to the acts about which he complains.

**FOURTEENTH AFFIRMATIVE DEFENSE**

77. Plaintiff failed to mitigate his damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

78. To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**SIXTEENTH AFFIRMATIVE DEFENSE**

79. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** Defendants City of New York, Sergio Coppola, and Bruce Smolka request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 16, 2006

            MICHAEL A. CARDOZO
            Corporation Counsel of the City of New York
            Attorney for Defendants City of New York, Sergio
            Coppola, and Bruce Smolka
            100 Church Street, Room 3-190
            New York, New York 10007
            (212) 788-0786

By:   /s/
      Jed M. Weiss (JW 5293)
      Assistant Corporation Counsel
      Special Federal Litigation Division

TO:
Scott A. Korenbaum, Esq.
111 Broadway, Suite 1305
New York, New York 10006
*Attorney for Plaintiff*

Index Number 05 CV 9881 (KMK)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOHN MARTINI,<br><br>                            Plaintiff,<br><br>       -against-<br><br><br>CITY OF NEW YORK, POLICE OFFICER SERGIO COPPOLA, Shield No. 05096, Tax Registry No. Unknown, ASSISTANT Chief BRUCE SMOLKA, Shield No. Unknown, Tax Registry No. Unknown, and JOHN DOES and/or JANE ROES 2-10, Shield Nos. Unknown, Tax Registry Nos. Unknown<br><br>                           Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, Sergio Coppola, and Bruce Smolka*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Jed M. Weiss*<br><br>*Tel:  (212) 788-8683*<br>*NYCLIS No. 05 sf 026543* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ........................................ ,2006*<br><br>*.................................................................... Esq.*<br><br>*Attorney for City of New York* |