UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN MARTINI,

                               Plaintiffs,

   -against-                                        05 Civ. 9881 (RJS) (JCF)

CITY OF NEW YORK, et al.,

                               Defendants.
------------------------------------------------------------X

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
OBJECTIONS, PURSUANT TO RULE 72(b) OF THE FEDERAL
RULES OF CIVIL PROCEDURE, TO THE MARCH 19, 2008
ORDER OF MAGISTRATE JUDGE FRANCIS, DISMISSING
HIS CLAIMS FOR EMOTIONAL DISTRESS DAMAGES

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-0018

Dated: May 6, 2008

## Preliminary Statement

Plaintiff John Martini submits this memorandum of law in support of his objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, to the March 19, 2008 Order of Magistrate Judge Francis (the "Order"). In the Order, Magistrate Judge Francis granted defendants' motion to dismiss Mr. Martini's claim for emotional distress damages. Declaration of Scott A. Korenbaum, dated May 6, 2008, ("Korenbaum Dec.") at Exhibit A. While he recognizes that the Order was consistent with prior Orders entered in other RNC actions, Mr. Martini submits that the original Orders were wrong as a matter of law, and that the circumstances of his particular situation warranted different treatment in his case.

## Statement of Facts

For a statement of facts relevant to his objections, Mr. Martini refers the Court to the January 22, 2008 letter of Assistant Corporation Counsel Cheryl L. Shammas (the "Shammas Letter"), and the exhibits annexed thereto, and the February 29, 2008 letter of Scott A. Korenbaum, Esq. (the "Korenbaum Letter"), and the exhibits annexed thereto.

## ARGUMENT

## THE ORDER SHOULD BE OVERRULED

A. <u>The Standard Of Review</u>.

Because the sanction imposed by Magistrate Judge Francis was dispositive of Mr. Martini's mental and emotional distress claims, this Court reviews the Order *de novo*. Fed. R. Civ. Proc. 72(b).

> When a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether the decision is dispositive. 14 *Moore's Federal Practice*

§ 72.02[7][b] (2005); *accord* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2 (2005) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions.") ... if a magistrate judge finds that a dispositive sanction is appropriate, Rule 72(b) governs. *See, e.g.,* Zises v. Dept. of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

Steele v. Costco Wholesale Corp., 03 CV 0713, 2005 U.S. Dist. LEXIS 8348, *5 (E.D.N.Y. May 6, 2005).

B. The Order Should Be Vacated As A Matter Of Law.

In opposing the defendants' motion, Mr. Martini objected to the scope of the relevant discovery requests on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. While Mr. Martini seeks damages for emotional distress, he is not asserting, as he made clear at his deposition, that he suffered emotional distress for any significant period of time. In other words, he seeks nothing more than emotional damages for a relatively short period of time that includes his fact of confinement and a week or so following his arrest. Mr. Martini does not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct, and his mental suffering and emotional distress claim covers a period of limited duration, primarily occurring during the time of his arrest and incarceration. Furthermore, Mr. Martini made clear that he will not offer any evidence at trial from a treating mental health provider or an expert. Under these circumstances, he should not be compelled to divulge his more than twenty-five years of psychiatric treatment.

The reasoning in Kerman v. The City of New York, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that Mr. Martini need not produce treatment records in the circumstances presented here. Kerman held that, upon proof of a false imprisonment, a plaintiff was entitled to general

damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. In every false arrest and imprisonment case, a plaintiff has a right to recover damages for ordinary emotional distress, *whether he pleads it or not*. Thus, Mr. Martini should have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it. See, e.g., Kunstler v. The City of New York, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007), in which Judge Sweet, adopting the reasoning of Magistrate Judge Dolinger, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe*, represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)*, as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)*, is compelling.

Id. at *6. For the foregoing reasons, the Court should overrule the Order and permit Mr. Martini to pursue his claims of emotional distress damages.[1]

C. The Order Should Be Overruled Because Plaintiff Has Supplied Much Information Regarding His History Of Emotional Illness

Even if the Court disagrees with Mr. Martini's legal argument, Mr. Martini did not, as

---

[1]  Mr. Martini recognizes that this argument has previously been rejected in other RNC-actions. He raises this argument to preserve it for appeal. Korenbaum Dec. at ¶ 2.

defendants implied in their moving papers, fail to produced evidence of his psychiatric medical history. His responses to the defendants' discovery requests (see Exhibit B to the Shammas Letter at 17) and his deposition testimony (see Exhibit A to the Shammas Letter) made clear that Mr. Martini identified mental health professionals with whom he has treated and has provided authorizations for these mental health providers. Unfortunately for Mr. Martini, he has been in and out of treatment for so long that it is virtually impossible for him to identify every mental health professional who has treated him, never mind to identify each pharmacy that provided prescribed medication. As Mr. Martini testified at his deposition, he was diagnosed with depression and has suffers from chronic fatigue syndrome for at least 20 years. Shammas Letter at Exhibit A, pp. 112-13. This is significant because defendants had ample opportunity, which they took full use of, to question Mr. Martini at length regarding his history of mental health. In fact, defendants used information they received in response to the authorizations Mr. Martini provided to question him about the treatment he received. Shammas Letter at Exhibit A, pp. 120-49. Thus, if one couples Mr. Martini's substantial compliance with defendants' discovery requests with the extremely limited scope of emotional distress damages that he seeks to recover, the Order should be vacated because it is grossly disproportionate to the intrusion into his medical privacy rights.

CONCLUSION

For the foregoing reasons, Mr. Martini submits that the March 19, 2008 Order of Magistrate Judge Francis dismissing his claims for emotional distress damages should be overruled, that he should be permitted to pursue his claims for emotional distress damages consistent with the representations he made to the Court, together with such other and further relief as is just and proper.

Dated: May 6, 2008
      New York, New York

                                      SCOTT A. KORENBAUM, ESQ.
                                      Attorney for Plaintiff
                                      111 Broadway, Suite 1305
                                      New York, New York 10006
                                      (212) 587-0018

                                      By:_____/s_____
                                              Scott A. Korenbaum